UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEFANI RUDIGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22 CV 1103 RWS |
| | ) | |
| ST. FRANCOIS COUNTY, | ) | |
| MISSOURI, | ) | |
| | ) | |
| HEATHER SMITH, LPN in her | ) | |
| individual capacity, | ) | |
| | ) | |
| ADVANCED CORRECTIONAL | ) | |
| HEALTHCARE, Inc., and | ) | |
| | ) | |
| SHERIFF DANIEL BULLOCK, | ) | |
| in his official capacity as Sheriff of | ) | |
| the St. Francois County Sheriff's | ) | |
| Department, | ) | |
| | ) | |
| Defendants, | ) | |

## **ORDER AND MEMORANDUM**

Plaintiff Stefani Rudigier was a pretrial detainee at the St. Francois County

Jail in Farmington, Missouri.  In her complaint she alleges that the jail nurse at that

facility was deliberately indifferent to her serious medical needs in violation of the

Fourteenth Amendment of the United States Constitution.[1]  She asserts this

---

[1] Rudigier's complaint includes many allegations of unhygienic and overcrowding conditions at the jail.
These allegations are the subject of a separate class action lawsuit.

constitutional claim against the nurse, Advance Correctional Healthcare, and St. Francois County under 42 U.S.C § 1983.  She also asserts claims against the nurse, St. Francois County, and Sheriff Daniel Bullock under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq.[2] and under Section 504 of the Rehabilitation Act (RA), 29 U.S.C. § 794.  All of the defendants have filed motions to dismiss for a failure to state a claim.  Because I find that Rudigier has alleged sufficient facts in her complaint to state a claim against the jail nurse in Counts II and III I will deny the nurse's motion to dismiss as to those counts.  I will grant St. Francois County's motion to dismiss Counts I, II, and III.  I will grant Defendant Sheriff Daniel Bullock and Defendant Advanced Correctional Healthcare, Inc.s motions to dismiss.

### *Background*

Defendant St. Francois County is a political subdivision of the State of Missouri and is responsible for the actions, policies, and procedures of the St. Francois County Sheriff's Office.  Defendant Sheriff Daniel Bullock was the Sheriff of St. Francois County during the relevant time period.  Bullock is responsible for the employees, actions, policies, and procedures of the St. Francois County Jail.  St. Francois County receives federal funds to assist with jail

---

[2] The ADA was amended by Congress in 2008, referred to as the ADAA.  The amendment directed that the term disability should be construed broadly.  See ADAA, Pub.L. No. 110-325, § 2(b)(4), 122 Stat. 3553, 3554 (2008).

operations, including funds to house federal detainees.  Defendant Heather Smith is a St. Francois County employee working as a Licensed Practice Nurse at the jail. Defendant Advanced Correctional Healthcare, Inc. (ACH) is an Illinois corporation that contracted with St. Francois County to provide medical services at the jail including providing a physician or mid-level practitioner to visit the jail weekly and to be available twenty-four hours a day, seven days a week, to ensure detainees receive adequate medical care.  Dr. Charles Pewitt was the physician assigned by ACH to visit the facility.

Rudigier was a pretrial detainee at the St. Francois County Jail from March 5, 2017 through March 3, 2019.[3]  Rudigier alleges in her complaint that upon being processed into the jail Rudigier informed booking employee, Ashley Bates, that she had been diagnosed with bipolar disorder, anxiety, and depression.  Rudigier alleges Bates "requested no assistance, no medical or disability evaluation or accommodations" for Rudigier when she was booked into the jail.  Rudigier alleges that she did not receive any medication for her bipolar disorder throughout her incarceration at the jail.  She alleges that she made several requests for medical care for her bipolar disorder but did not receive any care for that condition.

---

[3] Rudigier was also incarcerated at the jail from December 4, 2019 through January 9, 2020.  Her complaint does not assert any claims regarding this time period.

Rudigier alleges that despite informing jail employees of her anxiety and depression when she entered the jail in March 2018, she did not receive any medication for those conditions until sometime late in 2018.  She did not see or speak with a physician or mental health professional prior to receiving her medications.  Prior to receiving her medications Rudigier alleges that she experienced acute mental health symptoms and frequently "found herself in tears." Rudigier alleges that she made verbal and oral requests to jail nurse Heather Smith for assistance for her mental health issues but her requests were "largely ignored." She alleges that other correctional staff members observed a "number of the mental health crises" but ignored her or punished her by locking her in her cell or sending her to "the hole."

Rudigier also claims that she received inadequate care for another serious medical need.  In March 2018, she began experiencing severe abdominal pain and an unusual vaginal discharge.  She requested assistance from Smith who prescribed antibiotics.  When these symptoms failed to abate, Smith prescribed a course of a different antibiotic.  The second round of antibiotics did not alleviate Rudigier's persistent symptoms.  Five months later, after continued complaints to Smith about her condition, Smith prescribed yet another round of antibiotics.  These did not work and Rudigier told Smith she was continuing to experience abdominal pain. Fearing there could be something wrong with her bladder and kidneys Rudigier

requested a medical evaluation and gave Smith urine sample.  Smith did not share

Rudigier's test results with Rudigier but Smith did give Rudigier a fourth round of

antibiotics.  The antibiotic failed to work so Smith extended the antibiotics for

another three days.  Rudigier's pain and discomfort persisted and, in January 2019,

Smith prescribed a fifth round of antibiotics.  Rudigier left the jail two months later

and was finally able to see a physician.  She was diagnosed with a gallbladder

issue that required emergency surgery.  In June 2019, Rudigier was diagnosed with

Post Traumatic Stress Disorder that she attributes to her experience at the jail.[4]

     In Count I of her complaint Rudigier asserts an ADA claim and a

Rehabilitation Act claim under Section 504 against St. Francois County, Bullock,

and Smith.  In Court II, Rudigier asserts a claim under the Fourteenth Amendment

alleging that St. Francis County and Smith were deliberately indifferent to her

serious medical needs based on the failure to treat her bipolar disorder, her

depression, and her anxiety.  In Count III, Rudigier asserts a claim under the

Fourteenth Amendment alleging that St. Francis County, Smith, and Advanced

Correctional Healthcare were deliberately indifferent to her serious medical needs

based on the failure to treat her persistent abdominal pain.  All of the Defendants

have filed motions to dismiss for failing to state a claim.

---

[4] Rudigier also alleges that the jail failed to provide her and other women with menstrual products and she was forced to bleed on herself and her clothes during her monthly menstrual cycle.

*Legal Standard*

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint.  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555.  A pleading that merely asserts conclusory statements, "a formulaic recitation of the elements of a cause of action" and "naked assertions" that are not factually supported is insufficient to state a claim for relief.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 557).

*Discussion*

*Count I – ADA and Rehabilitation Act*

In Court I of her complaint, Rudigier alleges that St. Francois County, Bullock, and Smith violated her rights under the Title II of the ADA and Section 504 of the Rehabilitation Act by failing to provide her with medical care for her bipolar disorder, her anxiety, and her depression.

As an initial matter, Defendant Bullock moves to dismiss this claim against him. He argues that this claim is brought against him in his official capacity as the sheriff of St. Francois County. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Bullock argues that because St. Francois County is already a named defendant in this case, a separate claim against him in his official capacity is redundant and should be dismissed. I agree. See Id. As a result, I will grant Bullock's motion to dismiss.

Similarly, Defendant Heather Smith moves to dismiss this claim because Title II of the ADA and Section 504 of the Rehabilitation Act do not permit recovery against individuals. That position is correct. See Baribeau v. City of Minneapolis, 596 F.3d 465, 484 (8th Cir. 2010) ("Individuals in their personal capacities, however, are not subject to suit under Title II, which provides redress only from public entities.") and Baldwin v. Owens, No. 4:14CV1662 RWS, 2014 WL 5090820, at *2 (E.D. Mo. Oct. 9, 2014) ("Section 504 of the Rehabilitation Act simply do[es] not impose liability on individual defendants in their individual capacities."). In her opposition brief, Rudigier concedes that Smith's motion as to this count should be granted. As a result, I will grant Smith's motion to dismiss Count I.

St. Francois County also has moved to dismiss Rudigier's ADA and Rehabilitation Act claims. Title II of the ADA prohibits discrimination in the services provided by public entities. <u>Gorman v. Bartch</u>, 152 F.3d 907, 911 (8th Cir.1998). Section 504 of the Rehabilitation Act prohibits a qualified individual with a disability being denied benefits or being subject to discrimination under any program or activity receiving Federal financial assistance. <u>Id.</u> To state a claim under Title II of the ADA, a plaintiff must allege that she is a "qualified individual with a disability denied participation in, or the benefits of, the services, programs, or activities of a public entity because of h[er] disability." <u>Id.</u> at 912 (citing <u>Layton v. Elder</u>, 143 F.3d 469, 472 (8th Cir. 1998)) and 42 U.S.C. § 12132. To state a claim under the Rehabilitation Act a plaintiff must allege that "(1) [s]he is a qualified individual with a disability; (2) [s]he was denied the benefits of a program or activity of a public entity which receives federal funds, and (3) [s]he was discriminated against based on h[er] disability." <u>Id.</u> at 911 (citations omitted). Apart from the federal funding requirement, the ADA is "similar in substance to the Rehabilitation Act, and cases interpreting either are applicable and interchangeable." <u>Id.</u> at 912 (quotation marks and citation omitted). Moreover, claims under both the ADA and Rehabilitation Act require proof of discriminatory intent to recover compensatory damages and requires proof of deliberate

indifference by the municipality in the denial of benefits or services to the plaintiff. Meagley v. City of Little Rock, 639 F.3d 384, 389 (8th Cir. 2011).

Rudigier's complaint asserts that her bipolar disorder, anxiety, and depression make her a qualified individual with a disability.  She also asserts that the St. Francois County jail is a public entity within the meaning of the ADA and the Rehabilitation Act.  The basis for her claim is that the St. Francois County jail denied her reasonable access to medication to treat her mental impairments.  She alleges that St. Francois County and Smith had actual knowledge of her disability because she informed the jail about her bipolar disorder when she was processed at the jail and repeatedly sought treatment from Smith for her conditions, and exhibited obvious symptoms of her mental disabilities, she was never provided medical treatment or medication for her bipolar disorder and medication for her depression and anxiety was denied for over 21 months.

States prisons are deemed to be public entities.  Gorman, 152 F.3d at 912. St. Francois County concedes that medical services in prisons are considered benefits under Title II.  See Mason v. Corr. Med. Servs., Inc., 559 F.3d 880, 886 (8th Cir. 2009).  Depression and anxiety can qualify as disabilities under the ADA. Battle v. United Parcel Serv., Inc., 438 F.3d 856, 862 (8th Cir. 2006).  Bipolar disorder may also qualify as a disability under the ADA.  Bultemeyer v. Fort Wayne Cmty. Sch., 100 F.3d 1281, 1284 (7th Cir. 1996).

St. Francois County moves to dismiss this claim arguing that improper medical treatment claims cannot be asserted under the ADA or the Rehabilitation Act.  See A.H. v. St. Louis County, Missouri, 891 F.3d 721, 729–30 (8th Cir. 2018) ("Improper medical treatment claims may not be brought under the ADA or RA.).  In A.H. an inmate at the St. Louis County jail committed suicide.  Before that event the inmate had been seen by a clinical psychologist and the jail staff had routinely been checking on him.  After his death his family members brough an action against St. Louis County under the ADA and the Rehabilitation Act for failing to provide proper medication and more secure monitoring.  The United States Court of Appeals for the Eighth Circuit affirmed the grant of summary judgment in the county's favor.  It held that "*inadequate* medical treatment" could not support a claim under the ADA or Rehabilitation Act.  Id. at 730. (emphasis added) (citing Shelton v. Arkansas Dep't of Hum. Servs., 677 F.3d 837, 843 (8th Cir. 2012)("improper medical treatment *decision* may not be brought pursuant to either the ADA or the Rehabilitation Act.") (emphasis added).

In response, Rudigier argues her complaint does not assert a claim for improper treatment, her complaint alleges that the jail and Smith did not provide any treatment at all for Rudigier's mental impairments of which they had actual knowledge.  This is not an inadequate medical treatment decision claim, it is a claim that the jail failed to provide any treatment.  Such a complete lack of

providing medical services to an individual with a qualified disability meets the pleading standard of deliberate indifference to a disability.

However, in order to establish an ADA or Rehabilitation claim against a governmental entity, a plaintiff must present evidence of a policy or custom of the entity that violated the plaintiff's rights. <u>Gorman</u>, 152 F.3d at 914. Rudigier does not allege any facts that the jail had a *policy* of failing to provide medical services to disabled detainees. Rudigier argues that the jail had a *custom or practice* of failing to provide services to disabled detainees. Rudigier asserts a general allegation in her complaint, upon information and belief, that the jail had a "custom or practice of not accommodating individuals with disabilities when they are booked into the [jail] including a custom of failing to properly document detainees' disabilities when they arrive." Such a pleading, unsupported by any factual allegations, is insufficient to establish a custom or practice for which a plaintiff must present evidence of a widespread and persistent pattern of unconstitutional misconduct that policymakers were either deliberately indifferent to or tacitly authorized. (See discussion of custom and practice pleading requirements below.)

As a result, I will grant St. Francois County's motion to dismiss Count I.

*Count II – Fourteenth Amendment Failure to Treat Mental Impairments*

"Pretrial detainee § 1983 claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment prohibition

of cruel and unusual punishment." Holden v. Hirner, 663 F.3d 336, 341 (8th Cir. 2011). As a practical matter pretrial detainees "are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." Kahle v. Leonard, 477 F.3d 544, 550 (8th Cir. 2007). See also Smith v. Lisenbe, 73 F.4th 596, 600 (8th Cir. 2023) ("a pretrial detainee receives at least the same protections that convicted prisoners receive under the Eighth Amendment.") (cleaned up).

"To establish prison officials failed to prevent harm, a pretrial detainee first must prove he was incarcerated under conditions posing a substantial risk of serious harm. [] This is an objective requirement to ensure the deprivation is a violation of a constitutional right. [] Second, [the detainee] must establish the prison officials were deliberately indifferent to inmate health or safety. [] This is a subjective requirement, mandating the prisoner prove the official both knew of and disregarded an excessive risk to inmate health or safety." Holden, 663 F.3d at 341 (cleaned up). "Deliberate indifference is a difficult standard to meet. [] It requires an official to consciously disregard a known and objectively serious medical need. [] A serious medical need is one diagnosed by a physician or so obvious that even a layman would recognize it." Leonard v. St. Charles County Police Department, 59 F.4th 355, 360 (8th Cir. 2023) (cleaned up). Deliberate disregard requires more than negligence, more than even gross negligence, but less that purposefully

causing or knowingly bringing about a substantial risk of serious harm to an inmate.  Thompson v. King, 730 F.3d 742, 747 (8th Cir. 2013) (cleaned up).  "[A] complete failure to treat an extremely painful (or other serious) condition displays a reckless indifference to a serious medical need."  Leonard, 59 F.4th at 363.

In Count II of her complaint, Rudigier claims St. Francois County and Smith acted with deliberate indifference in failing to provide any treatment for Rudigier's bipolar disorder and delaying any medication for her anxiety and depression by 21 months.  Smith filed a motion to dismiss this claim arguing that it failed to state a claim for relief.  I find that Rudigier's complaint asserts that she had an objectively serious medical condition in the form of her mental impairments.  Her complaint sufficiently avers that Smith and others at the jail had actual knowledge of her condition but were deliberately indifferent to her requests for treatment.  As a result, I will deny Smith's motion to dismiss this claim.

Rudigier also asserts a claim against St. Francois County alleging that it has a practice and custom of "ignoring detainees' health needs or failing to provide medical treatment, and for failing to train and supervise its employees to provide constitutionally adequate medical treatment."  Rudigier alleges that the "deputies and other jail staff were not provided any specific training to work with detainees experiencing medical needs within the jail or sufficient training to identify and respond to medical emergencies."  Rudigier also alleges sweeping assertions that

jail staff were selective and arbitrary in determining which medical situations warranted medical evaluations and failed to timely respond to detainees' requests for healthcare among other accusations.  St. Francois County has moved to dismiss this claim for a failure to state a claim for relief.

"Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees." Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999) (citing  Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).  In a section 1983 action, a political subdivision, like St. Francois County, may only be held liable for constitutional violations that result from a policy, custom, or practice of the county. See Monell, 436 U.S. at 690 (1978).  To establish a custom or practice a plaintiff must present evidence of "a widespread and persistent pattern of unconstitutional misconduct ... policymakers were either deliberately indifferent to or tacitly authorized" which caused a violation of plaintiff's constitutional rights.  Leonard, 59 F.4th at 363 (citation and quotation omitted).  "The pattern of unconstitutional conduct must be so pervasive and widespread so as to have the effect and force of law." Brewington v. Keener, 902 F.3d 796, 801 (8th Cir. 2018) (cleaned up).  A plaintiff must establish that the custom was a moving force behind the constitutional violation.  Corwin v. City of Indep., MO., 829 F.3d 695, 700 (8th Cir. 2016).  A failure to train or supervise is an extension of a custom claim and is established when the failure evidences a

deliberate indifference to the constitutional rights of a plaintiff.  Marsh v. Phelps County, 902 F.3d 745, 751 (8th Cir. 2018).

In support of her sweeping allegations of a custom and practice Rudigier points to two unconnected incidents.  She asserts that in early 2018 an inmate had a toothache and sought treatment from Smith who merely recommended that he gargle with salt water.  Despite his on-going discomfort, Smith failed to evaluate further the inmate's tooth pain and did not provide him with pain medicine or send him to a dentist.  After several months, when the inmate was transferred to the Missouri Department of Corrections, his tooth was so decayed it was extracted.  In another incident in 2018, an inmate was assaulted by other inmates and suffered bloody and bruising injuries to his face and broken front teeth.  He informed Smith that he had been attacked, that he was in pain, and that he needed to see a doctor.  Smith did not perform an evaluation of his injuries, she refused to provide him with pain medication, and she refused his request to see a doctor.  For three days he remained in extreme and obvious amounts of pain, he was in and out of consciousness in his cell, and he was forced to scream for medical help.  Smith and the other jail staff ignored his cries for help.  When the pain eventually became unbearable he pulled out his own tooth.  He again requested pain medication from Smith but she denied his request.  He never was seen by a doctor and never received any pain medication after his assault.

Smith's treatment, or lack thereof, of the bipolar inmate and the inmate who had been assaulted may support a claim of deliberate indifference to a serious medical need.  However, these two incidents fail to present a factual basis for a Monell claim of municipal liability.  Moreover, the allegations in her complaint that the jail facility had a custom and practice of ignoring detainee health needs and failed to provide medical treatment is an insufficient and generalized allegation.  These general allegations fail to support a claim that St. Francois County had a widespread and persistent pattern of unconstitutional misconduct that policymakers were either deliberately indifferent to or tacitly authorized.  The underlying unconstitutional conduct in this case is the conscious disregard of known and objectively serious medical needs.  Generalized complaints about the availability of medical services do not support a custom and practice claim.  As a result, I will grant Defendant St. Francois County's motion to dismiss the claims against it in Count II.

*Count III – Fourteenth Amendment Failure to Treat Abdominal Pain*

In Count III of her complaint, Rudigier claims St. Francois County, Smith, and Defendant Advanced Correctional Healthcare acted with deliberate indifference in failing to provide adequate medical care for her prolonged abdominal pain.  All three defendants have moved to dismiss for a failure to state a claim for relief.

16

Rudigier asserts under this Count that Smith and Dr. Pewitt were aware of her serious and persistent abdominal pain.  This single allegation is the first time Rudigier makes any claim that Dr. Pewitt was involved in her treatment.  Nothing in her complaint alleges any facts that she saw Dr. Pewitt or otherwise consulted with him.  As a result, I find that Rudigier has not alleged any facts that support her claim that Dr. Pewitt was aware of her condition or treatment.

She asserts that Smith's intentional decision to treat her condition with antibiotics despite her persistent abdominal pain lasing many months put her at a substantial risk of suffering serious harm.  She asserts that the defendants were deliberately indifferent to her serious medical needs by failing to provide additional treatment.  In support of this claim Rudigier points to her long history of having unresolved abdominal pain that was not responsive to the treatment she was receiving and her need to have emergency gallbladder surgery upon her release from the jail.

In support of her motion to dismiss this claim, Smith argues that she was not deliberately indifferent to Rudigier's medical needs as evidenced by the multiple rounds of antibiotics she prescribed for Rudigier.  Smith argues her treatment may have been inadequate or negligent but it did not amount to a deliberate indifference to Rudigier's medical needs.  However, "[d]eliberate indifference may be found where medical care is so inappropriate as to evidence intentional maltreatment."

17

Fourte v. Faulkner County, Ark., 746 F.3d 384, 387 (8th Cir. 2014).  I find that

Rudigier has sufficiently pleaded that her medical care was so inappropriate as to

support a claim for intentional maltreatment.  As a result, I will deny Smith's

motion to dismiss this claim.

Rudigier also asserts a claim against St. Francois County under this count

reasserting the same general allegations in Count II that the County has a practice

and custom of providing constitutionally inadequate medical treatment to the

pretrial detainees.  I will grant St. Francois County's motion to dismiss this claim

for the same reason stated in Count II above.

Finally, Defendant Advanced Correctional Healthcare has filed a motion to

dismiss the claims against it in Count III.  Rudigier fails to assert facts in the body

of her complaint to state claim against ACH.  In Count III, Rudigier alleges

generally that the acts and omissions of Defendants despite her repeated

complaints of abdominal pain violated her rights under the Fourteenth

Amendment.  The only allegations against ACH in the complaint appears in

paragraphs 112 and 118 under Count III.  In paragraph 112 she states: "[u]pon

information and belief, ACH did not consistently appear at the SFCJ to assess

detainees' health, including failure to take and assess patients' medical histories

issues and failure to examine medical emergencies."  In paragraph 118 she states:

"ACH's custom or practice of failing to take appropriate medical histories, triage

detainee medical concerns and appear at the SFCJ are the moving force and proximate cause behind Ms. Rudigier's injury."  Rudigier does not offer any facts in support of these allegations.  In her opposition brief Rudigier asserts that ACH had notice of Rudigier's serious medical needs through its agent Dr. Pewitt.  But as stated above, Rudigier does not offer any facts in support of her allegation that Dr. Prewitt was aware of her situation.  Moreover, even if he was, ACH, in its role as a municipal state actor, may not be held vicariously liable for the unconstitutional acts of employees." Mettler, 165 F.3d at 1204.  Rudigier has failed to offer any facts to support that ACH had a custom, policy, or procedure to establish that it was deliberately indifferent to Rudigier's serious medical needs. See Hackney v. St. Louis County, No. 4:22 CV 410 CDP, 2022 WL 4130797, at *2 (E.D. Mo. Sept. 12, 2022)(citing Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 976 (8th Cir. 1993).  Rudigier's allegations in Count III are insufficient to support a claim of a policy or custom.  As a result, I will grant ACH's motion to dismiss Count III for a failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED that** Sheriff Daniel Bullock's motion to dismiss the claim against him in Count I of Plaintiff Rudigier's complaint [19] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant Heather Smith's motion to dismiss the claim against her in Count I of Plaintiff Rudigier's complaint [10] is **GRANTED**.  Defendant Heather Smith's motion to dismiss the claims against her in Counts II and III of Plaintiff Rutigier's complaint [10] is **DENIED**.

**IT IS FURTHER ORDERED that** St. Francois County's motion to dismiss the claims against it in Count I, II, and III of Plaintiff Rudigier's complaint [21] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant Advanced Correctional Healthcare, Inc.'s motion to dismiss the claims against it in Count III of Plaintiff Rudigier's complaint [8] is **GRANTED**.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2023.