UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEFANI RUDIGIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22 CV 1103 RWS |
| ) | |
| HEATHER SMITH, LPN in her ) | |
| individual capacity, ) | |
| ) | |
| Defendant, ) | |

### ORDER

On March 8, 2024, Plaintiff Stefani Rudigier filed a consent motion to extend the expert disclosure and deposition deadlines.  The motion did not include a request to extend the deadline for Defendant Heather Smith to request and complete an independent medical / mental examination (IME) of Rudigier.  On March 11, 2024, I granted the motion.  On April 2, 2024, Rudigier filed a second motion to extend the expert deadlines as well as the remaining case management deadlines.  Smith responded with her own motion to amend the case management order.  Smith states that she does not oppose the extension of deadlines but requests that the deadline for an IME should also be included and extended. Rudigier opposes the extension of the IME deadline because the IME deadline in the original case management order has already passed.  Rudigier's position is not well taken.

The purpose of an IME is to allow a defendant's expert (usually the defendant's) to examine a plaintiff to assess the presence and extent of a plaintiff's alleged injuries. The decision to conduct an IME is strongly influenced by what plaintiff's experts assert are plaintiff's injuries. To make that decision a defendant must be allowed, at a minimum, to review the plaintiff's expert reports about a plaintiff's alleged injuries. At that point the defendant can make an informed decision regarding whether to request an IME.

In the present case, Rudigier seeks to extend the deadline for disclosing her experts without giving Smith the ability to assess the experts' reports before deciding whether to request an IME. That is not reasonable.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Stefani Rudigier's and Defendant Heather Smith's motions to amend the case management order [49 and 51] are **GRANTED** as follows:

(1) Plaintiff shall disclose all expert witnesses (and treating health care professionals expected to testify) and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **May 8, 2024**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **June 7, 2024**.

(2)  Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **July 8, 2024**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **August 7, 2024**.

(3)  Requests for physical or mental examinations of parties pursuant to Rule 35, Fed.R.Civ.P., must be made no later than **May 22, 2024**, and any exam must be completed by **June 21, 2024**.

(4)  The parties shall complete all discovery in this case no later than **August 16, 2024**.

(5)  This case will be referred to alternative dispute resolution effective **May 8, 2024**, and that reference shall terminate on **July 12, 2024**.

(6)  Any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, or any motions to limit or exclude expert testimony must be filed no later than **September 6, 2024**.  Opposition briefs shall be filed no later than thirty days after the motion or **October 7, 2024**, whichever is earlier.  Any reply brief may be filed no later than ten days following the response brief or **October 21, 2024**, whichever is earlier.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2024.